IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES DAVID WOOD, JR.; AMS STAFF LEASING, INC., d/b/a/ AMS Staff Leasing Corporation; BRECKENRIDGE ENTERPRISES, INC., d/b/a/ AMS Staff Leasing II; AMS Staff Leasing II, Inc.; HIGHPOINT RISK SERVICES, LLC; and ASPEN ADMINISTRATORS, INC.,<br><br>Defendants. | C/A No. 3:14-cv-03719-CMC<br><br><br><br>OPINION AND ORDER<br>ON MOTION FOR CLARIFICATION<br>(ECF No. 94)<br><br>Continuing and Clarifying Stay |

This matter is before the court on Defendants' motion for clarification of a docket text order entered on October 22, 2015. ECF No. 94 (seeking clarification of ECF No. 85).[1] The language at issue extended a stay previously imposed only on Claim Six to "<u>any other claims to the extent they relate to the PayGo policies</u>." ECF No. 85 (emphasis added). Plaintiff, Companion Property and Casualty Insurance Company ("Companion"), opposes the motion and asks the court to lift the stay to the extent applied to claims other than Claim Six.

Having fully considered the parties' submissions and multiple documents previously filed in this action, the court grants Defendants' motion in part by clarifying the scope of the stay to

---

[1] Defendants include a group of interrelated business entities, and the owner of those entities, Charles David Wood, Jr. ("Wood"). ECF No. 88 ¶¶ 1-10, 12-13, 19-25 (Second Am. Complaint). The business entity Defendants include Highpoint Risk Services, LLC ("Highpoint"), Aspen Administrators, Inc., AMS Staff Leasing Inc., d/b/a AMS Staff Leasing Corporation, Breckenridge Enterprises, Inc., d/b/a AMS Staff Leasing II, and AMS Staff Leasing II, Inc.

apply to "'PayGo' workers' compensation and employer's liability insurance policies that were issued by Highpoint to third-parties (*i.e.* persons and entities not affiliated with Companion, Highpoint, or Wood) and reinsured by Redwood [Reinsurance SPC, Ltd. ("Redwood") pursuant to the contract between Companion and Redwood.]" Defendants' Motion for Clarification at 2 (ECF No. 94) (quoting First Amended Complaint in C.A. No. 3:14-cv-0388-L (N.D. Tx) ("Texas Action")). The court denies Defendants' motion to the extent it asks the court to "confirm that the stay applies to any compulsory claims or counterclaims that must be asserted in the Texas [A]ction[.]" ECF No. 94 at 3. The court also denies Companion's request, raised through its responsive memorandum, that the court lift the stay as to any claim.[2]

## BACKGROUND

The present motion seeks clarification of the docket text order that granted Companion's motion to file the Second Amended Complaint. That order reads, in full, as follows:

> TEXT ORDER: Plaintiff's Motion for Leave to File Second Amended Complaint and to Lift Stay on Count Six, ECF No. 72 is granted in part and denied in part. The motion is GRANTED to the extent it seeks to amend the complaint. The court finds good cause for the amendment based on arguments advanced by Plaintiff, including that the claims are not futile, and an absence of bad faith or prejudicial delay. The court has considered that (1) the motion was filed within the time allowed by the second consent amended scheduling order (ECF No. 71 ), and (2) early progress in this matter was delayed to allow resolution of Defendants' motions to dismiss on multiple grounds. If necessary to afford adequate time for preparation of the case in light of the amendment, the scheduling order may be extended further. **The motion is DENIED to the extent it seeks leave to lift the stay on count six or any other claims to the extent they relate to the PayGo policies. As to all such claims, this court declines the exercise of jurisdiction in deference to the forum in which such claims were first filed, the Northern District of Texas for reasons stated in this court's prior order entered as ECF No. 56.** The finding that the claims are adequately pleaded to withstand a futility

---

[2] The court concludes that oral argument would not aid the court in its decision and, consequently, cancels the teleconference previously scheduled for March 9. 2016.

2

> challenge does not foreclose a subsequent challenge after the conclusion of discovery. Signed by Honorable Cameron McGowan Currie on 10/22/2015.

ECF No. 85 (emphasis added).

## DISCUSSION

The docket text order quoted above continued the stay as to Claim Six and extended it to other claims "to the extent they relate to the PayGo policies." The extension of the stay was prompted by two concerns: first, that the third-party policies referenced in the then-proposed Second Amended Complaint could include PayGo policies within the scope of the Texas Action; and, second, that allowing claims here to address any issues relating to PayGo policies at issue in the Texas Action might interfere or at least overlap with claims first asserted in the Texas Action and other claims or counterclaims relating to the same subject matter.

In considering the present motion and memoranda, the court has reviewed all current submissions as well as a number of earlier-filed documents. The latter include prior motions filed in this case that attached motions, supporting exhibits, and orders in the Texas Action. Having completed this review, the court remains of the view that it should stay claims in this action to the extent they involve PayGo policies within the scope of the Texas Action and as defined above (PayGo policies (1) issued to entities not owned by Wood or related to any party in this action and (2) reinsured by Redwood). This will reserve to the Texas court the ability to fully address claims pending in the Texas Action as well as any related claims or counterclaims that might be asserted

3

regarding the same policies. It also reserves the Texas court's right to transfer those claims to this court should it, as the court of the first-filed action, determine that transfer is appropriate.[3]

The court denies Defendants' request that this court "confirm that the stay applies to any compulsory claims or counterclaims that must be asserted in the Texas action." ECF No. 94 at 3. To do so would potentially require this court to determine what is and is not a compulsory claim and counterclaim in another court. Such a determination is unnecessary in light of this court's stay of all claims to the extent they relate to a PayGo policy as defined herein.

The court further clarifies that the stay in this action does not preclude any *claim* other than Claim Six from proceeding here, unless that claim relates *solely* to PayGo policies as defined above. The net effect of this ruling may be that similar claims and counterclaims will proceed in this and the Texas Action, but the claims and counterclaims in the two actions would relate to distinct sets of policies (PayGo policies as defined above in the Texas Action and all other policies in this action). While this presents the possibility of some overlap between the actions, it will present less overlap than if some issues relating to the PayGo policies were addressed here and others in the Texas Action.[4]

## CONCLUSION

Wherefore, the court grants Defendants' motion for clarification in part, confirming that the stay applied in ECF No. 85 applies to Claim Six in its entirety, and other claims to the extent

---

[3] Companion has filed a renewed motion to transfer in the Texas Action. This court expresses no opinion as to that motion.

[4] To the extent the overlap relates to discovery, it may be managed, as appropriate, by an agreement or order allowing discovery obtained in one action to be used in the other.

they relate to PayGo policies issued by Highpoint to third parties (*i.e.* persons and entities not affiliated with Companion, Highpoint, or Wood) and reinsured by Redwood. The stay does not preclude Companion from proceeding with any claim other than Claim Six to the extent it relates to policies other than PayGo policies as defined above.

    IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 7, 2016