

September 6, 2016

**V**IA **ECF**

The Honorable Cameron McGowan Currie
Senior United States District Judge
901 Richland Street
Columbia, SC 29201

      Re:    *Companion Property and Casualty Insurance Company v. C. David Wood, et al.*,
                Civil Action No. 3:14-cv-03719-CMC

Dear Judge Currie:

      On behalf of Defendants in the above-referenced action, we write to provide the Court with notice of the Memorandum Opinion and Order recently filed in *Highpoint Risk Services, LLC, et al. v. Companion Property and Casualty Insurance Company*, Case No. 3:14-cv-03398-L, in the United States District Court for the Northern District of Texas (the "Texas Action").

      Pursuant to several orders by the Court, proceedings on certain causes of action asserted by Companion in this action – namely, the sixth count and other claims that relate to the "PayGo" policies – have been stayed, in deference to the forum in which such claims were first filed (*i.e.*, the Northern District of Texas), pending resolution of Companion's motion to transfer venue in the Texas Action. *See* Dkt. No. 56 at 14; Dkt. No. 85; Dkt. No. 109 at 4-5. As the Court may recall, the United States District Court for the Northern District of Texas previously denied Companion's motion to transfer in the Texas Action. *See* Dkt. No. 82. Companion, however, subsequently filed a Renewed Motion to Transfer Venue based on the joinder of Aspen Administrators, Inc. as a plaintiff in the Texas Action.

      Defendants write to advise the Court that Companion's Renewed Motion to Transfer Venue has been <u>denied</u>. Specifically, on August 25, 2016, United States Magistrate Judge Ramirez entered a Memorandum Opinion and Order (ECF No. 87) denying Companion's renewed request to transfer the Texas Action to this Court. A copy of the Memorandum Opinion and Order is attached hereto as Exhibit A. Rejecting Companion's arguments, Magistrate Judge Ramirez again found, among other things, that: (a) "[b]ased on the plain reading of the provisions in the 2006 Coverage Agreement, the term 'Policies,' in the agreement is not ambiguous and encompasses only those policies issued to the AMS Entities;" (b) "the 2006 Coverage Agreement, TPCA, and Guaranty Agreement and their forum-selection clauses are not applicable to the PayGo Policies that were not issued to the AMS Entities;" and (c) Companion "failed to meet its burden to establish that the forum-selection clauses in the Agreements apply to the PayGo Policies."

Gardner Haas PLLC  |  2828 Routh Street  |  Suite 660  |  Dallas, Texas 75201

      Defendants are hopeful that the latest denial of Companion's request to transfer the Texas Action to this Court resolves the matter. Nevertheless, in the event that there are further developments regarding this issue, we will apprise the Court accordingly. As always, we appreciate the Court's consideration of this matter.

      Respectfully submitted,

      */s/ Richard Detwiler on behalf of*

      Eric P. Haas

Attachment

cc:    Counsel of Record (via ECF)