IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES DAVID WOOD, JR.; AMS STAFF LEASING, INC., d/b/a/ AMS Staff Leasing Corporation; BRECKENRIDGE ENTERPRISES, INC., d/b/a/ AMS Staff Leasing II; AMS Staff Leasing II, Inc.; HIGHPOINT RISK SERVICES, LLC; and ASPEN ADMINISTRATORS, INC.,<br><br>Defendants. | C/A No. 3:14-cv-03719-CMC<br><br><br><br>OPINION AND ORDER<br>ON MOTIONS TO SEAL<br>(ECF Nos. 200, 218, 240, 244, 248, 250) |

This matter is before the court on six motions to seal documents filed in support of or opposition to the parties' cross-motions for partial summary judgment and one related evidentiary motion. ECF Nos. 200, 218, 240, 244, 248, 250.[1] The underlying motions were resolved by order entered January 10, 2017. ECF No. 258 ("January 10, 2017 Order"). For reasons set forth below, the motions to seal are denied and the parties are directed to file the subject documents in the public record by the deadlines set forth in Section II of this order. The court has allowed an extended filing deadline to afford the parties time to redact sensitive information such as account numbers and personal identifiers.

---

[1] All but ECF No. 240 seek to seal only documents filed in support of or opposition to motions for partial summary judgment. ECF No. 240 seeks to seal both documents filed in opposition to Defendants' motion for partial summary judgment and one document (an actuarial report) filed in opposition to a motion to exclude the opinion testimony of Charles L. McGimsey.

## STANDARD

As explained in *Ashcraft v. Conoco, Inc.*, "before a district court may seal any court documents, . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d 288, 302 (4th Cir. 2000); *see also Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir.1988) ("The public's right of access to judicial records and documents may be abrogated only in unusual circumstances.").

The last step in this process requires the court to first determine the source of the public right of access. *Doe v. Public Citizen,* 749 F.3d 246, 266 (4th Cir. 2014) (relying on *Stone* in holding district courts must first determine source of right-of-access as to each document for which sealing is sought); *Stone*, 855 F.2d at 180. As explained in *Stone*:

> The common law presumes a right to inspect and copy judicial records and documents. . . . The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion.
>
> Where the First Amendment guarantees [apply], . . . [public] access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.

*Stone*, 855 F.2d at 180. Because summary judgment substitutes for trial, judicial records filed in connection with a summary judgment motion may be sealed only if the First Amendment standard is satisfied. *Id.* (citing *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)); *see also Doe*, 749 F.3d at 267 ("We have squarely held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion.").

2

The "compelling governmental interest" necessary to support sealing when the First Amendment right of access applies may, nonetheless, consider private interests. As explained in *Doe*, which addressed First Amendment protections, "[a] corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records." *Doe*, 749 F.3d at 269 (noting courts had previously found "interests . . . sufficiently compelling to justify" sealing included "a defendant's right to a fair trial before an impartial jury, . . . protecting the privacy rights of trial participants such as victims or witnesses, . . . and risks to national security."). In contrast, a company's bare interest in reputational harm does not warrant sealing under either the First Amendment or common-law standards. *Id.* at 269-70. As the court explained in *Doe*:

> Adjudicating claims that carry the potential for embarrassing or injurious revelations about a corporation's image . . . are part of the day-to-day operations of federal courts. But whether in the context of products liability claims, securities litigation, employment matters, or consumer fraud cases, the public and press enjoy a presumptive right of access to civil proceedings and documents filed therein, notwithstanding the negative publicity those documents may shower upon a company.

*Id.* at 269.

To support sealing, the party seeking such protection must not only identify a protectable interest, but must also proffer evidence that substantiates the risk of harm. *Id.* at 270 (finding, after "scouring the record on appeal, . . . no credible evidence to support Company Doe's fear that disclosure of the challenged report of harm and the facts of this case would subject it to reputational

3

or economic injury").[2]  As the majority explained, it had "never permitted wholesale sealing of documents based upon unsubstantiated or speculative claims of harm[.]" *Id.*

In his concurring opinion in *Doe*, Senior Judge Hamilton acknowledged the "common sense" assumption that the documents at issue could result in harm if not sealed, but nonetheless agreed that Company Doe had failed to establish an adequate basis for sealing:

> The district court's reasoning founders for the simple reason that it misunderstood the *quantum of evidence* necessary to trump the First Amendment rights of, for example, the Consumer Groups [that challenged sealing.]  Had Company Doe supported its motion to seal with expert testimony establishing a high likelihood that denying its motion to seal would cause it to suffer substantial and irreparable economic harm, the disposition of the present appeal, in my view, would be completely different.
>
> * * *
>
> First Amendment jurisprudence requires more than a common sense feeling about what harm may befall Company Doe.  It requires concrete proof of a high likelihood of substantial and irreparable economic harm.  Because Company Doe failed to present such concrete proof . . . , we are left only with a common sense feeling of what may occur, which simply is not enough to support the sealing of a record.

*Id.* at 275-76 (Senior Judge Hamilton concurring).

In sum, because the motions under consideration address documents filed in connection with motions for partial summary judgment, the First Amendment standard applies.  To support sealing under that standard, the parties must present concrete proof that the public right of access is outweighed by a compelling governmental interest and sealing is narrowly tailored to serve that

---

[2]  In support of this point, *Doe* cited *Joy v. North*, 692 F.2d 880, 884 (2d Cir. 1982), noting that decision held: "a naked conclusory statement that publication [of the document sought to be sealed] will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal."

4

interest. For a private interest to satisfy this standard, the parties must establish a high likelihood of substantial and irreparable harm if the motions to seal are denied.

## DISCUSSION

**First Procedural Requirement—Public Notice and Opportunity to Comment.** The six motions under consideration were filed in the public record and are reflected on the public docket. Each of the motions includes a general description of the documents to be sealed and at least some explanation of the reasons sealing is sought.[3] To the extent the parties seek to seal unredacted versions of their memoranda, they have filed a redacted version in the public record. The docketing and public availability of the memoranda in support of sealing satisfies the requirement of public notice.

The motions state they are filed with the consent of the opposing party. Despite an opportunity to do so and passage of a substantial period of time, no person has filed any responsive memoranda, either supporting or opposing sealing. Thus, there is no indication any person opposes sealing. Neither is the court aware of any present public interest in this action in general or the subject documents in particular.

**Second Procedural Requirement—Consideration of Less Drastic Alternatives.** The parties have, to some degree, addressed and the court has considered less drastic alternatives to sealing, including, most critically, redaction. Redaction is sought for memoranda to the extent they discuss exhibits for which sealing is sought. Because the court denies sealing of exhibits, it also denies the corresponding requests to redact memoranda. The court will, nonetheless, allow

---

[3] The explanations are, however, quite cursory as explained below. *See infra* § I.

5

the parties to redact certain categories of confidential information in documents that have not yet been filed in the public record including account numbers and identifying information about individuals (*e.g.*, names and any personal identifiers) that may be included in such documents.

**Third Procedural Step—Determination of Right and Balancing of Interests.** As to the third step, the court finds all documents for which sealing is sought are subject to a First Amendment right of access because all are filed in connection with summary judgment motions or a closely related evidentiary motion. For reasons explained below, the court finds the parties have failed to establish a basis for sealing under that standard. *See infra* § I.

### I.   Motions to Seal Denied as to All Exhibits and Redactions of Memoranda

**Grounds for Sealing Advanced in Pending Motions.** In their pending motions, the filing parties provide only cursory support for sealing, relying, generally, on the opposing party's or a non-party's designation of the document as confidential or boilerplate assertions that the documents contain confidential information or relate to a confidential business transaction. For example, in one of Plaintiff's motions to seal, Plaintiff asserts (1) an actuarial report should be sealed because it "is replete with confidential business data for Plaintiff, and it was labeled 'Confidential' during the discovery process," (2) bank statements should be sealed because they "contain account data for Plaintiff, and they also disclose information about Plaintiff's transaction with a non-party that the Court has previously agreed should be sealed[,]" and (3) portions of a memorandum should be sealed because they "discuss a transaction between Plaintiff and a non-party, private business entity, information about which the court previously agreed should be sealed, or they disclose information about the above-listed documents that have been designated 'Confidential[.]'" Collectively as to these documents, Plaintiff argues as follows:

6

> Here, there is no unique public interest in this matter or the materials that are subject to this motion. However, private interests would clearly be served by maintaining the confidentiality of these materials. The information redacted from Companion's memorandum discusses a private transaction negotiated between private entities—including a non-party to this litigation—and it would be unfairly prejudicial to publicly reveal the terms of their private, confidential transaction, as the Court has previously held.
>
> Moreover, the remaining materials that are subjects of this motion contain business-sensitive information (for both Plaintiff and Defendants), they are limited in scope, and they represent only a small fraction of the documents exchanged in discovery and attached as exhibits to various public filings in this case. Finally, as noted above, they are subject to the Court's Confidentiality Order.

ECF No. 240 at 2-3. These arguments address the standard applicable when the common law right of access applies, not the higher standard applicable when the First Amendment right of access applies. *See id.* at 2 (quoting *Ashcraft* in support of premise the court has "discretion to seal records if 'the public's right of access is outweighed by competing interests.'"). The other five pending motions to seal make similar arguments, none providing any greater support for sealing.[4]

**Earlier Motions to Seal and Order Granting.** The earlier motions to seal, which were granted in part and denied in part by docket text order, made similar arguments. *See, e.g.*, ECF No. 166 at 2 (arguing "[t]he materials that are the subject of this motion deal with a confidential business transaction between Blue Cross Blue Shield of South Carolina and Sussex Holdings, Inc., which is subject to a confidentiality provision requiring the terms of the transaction to be kept

---

[4] *See* ECF Nos. 200-1, 244, 250 (Defendants' motions seeking sealing based on the same standard because the documents were marked "Confidential" by Plaintiff, non-party Blue Cross and Blue Shield of South Carolina, or Defendants and are subject to the Confidentiality Order); ECF No. 218 (Plaintiff's motion asserting documents "deal with a transaction between Plaintiff and a non-party, private business entity, . . . .which the Court previously agreed should be sealed," have been designated "Confidential," and advancing arguments similar to those in ECF No. 240); ECF No. 248 (Plaintiff's motion making same arguments as to redactions in Plaintiff's memorandum and documents designated "Confidential" by Defendants).

confidential" and noting the documents had been designated "Confidential" in discovery). The court found these arguments sufficient to support sealing of exhibits in the context of the motion at issue, a motion to exclude aspects of a claim. ECF No. 178 (finding exhibits were "confidential business record[s] properly subject to protection for the reasons addressed in the supporting memoranda" but denying motion without prejudice as to redactions). The court later reached a similar conclusion as to narrowed redactions in the publicly filed memoranda. ECF No. 221 (finding narrowed redactions "involve a confidential business transaction and related negotiations and the interest in confidentiality overrides the public interest in access *in the context of the underlying motion*." (emphasis added)) The court, nonetheless, warned the parties against reliance on this ruling as a basis for sealing in any future motion: "The underlying motion addresses whether particular allegations were properly raised, thus relates to the merits, but does not seek a ruling on the merits. *This order does not, therefore, resolve whether the same information may be protected in the context of a motion for judgment on the merits or at trial.*" *Id.* (emphasis added).

**Reliance on prior rulings does not support sealing.** Because the prior orders allowing sealing of some documents and redaction of publicly filed memoranda did not address sealing documents filed in connection with a summary judgment motion, the court did not apply the stringent First Amendment standard to those motions.[5] Neither could the court have considered the documents sought to be sealed in the context of the arguments for which they were advanced. *See Doe*, 749 F.3d at 266 (noting determination of source of right must be made as to each document for which sealing is sought). Thus, as warned in the second of the two orders granting

---

[5] Though not expressly stated in the docket text orders granting sealing, the court applied the discretionary standard applicable when a common law right of access applies.

8

sealing (and related redactions), the prior rulings do not support sealing the same documents under the circumstances addressed in the present motions.

**Designation of documents as confidential does not support sealing.** While designation of a document as confidential may be a practical prerequisite to sealing, it carries little if any weight in supporting a motion to seal documents filed in connection with a dispositive motion. The same is true for opposing parties' consent. Reliance solely on such designations and consent to sealing ignores standards applicable to sealing (particularly the First Amendment standard) discussed above.[6] Thus, the designation of documents as confidential does not support sealing.

Neither does the Confidentiality Order itself support sealing. The relevant provisions of that order simply protect a party from a document being filed in the public record without the opportunity to address whether sealing is appropriate.

**Remaining Arguments.** The parties' remaining arguments, at most, suggest grounds that *might* support sealing upon a proper evidentiary showing. The parties do not, however, offer anything more than bald claims of confidentiality and related claims (or, more accurately, implied inferences) of potential harm if the documents and related discussion are made public. This amounts to no more than "unsubstantiated or speculative claims of harm[,]" which is insufficient to support sealing. *Doe*, 749 F.3d at 270; *see also id.* at 275-76 (stating, in concurrence, "First Amendment jurisprudence requires more than a common sense feeling about what harm may befall

---

[6] Both sides relied, as to at least some documents, on the opposing party's designation of the document as confidential. *See* ECF Nos. 200 at 2; 240 at 2, 244 at 2-3, 248 at 1, 250 at 2. This was a proper approach for the moving party, who may have no interest in preserving the confidentiality of the document, but it shifted the burden to the opposing party to file a response justifying sealing. No such responses were filed.

9

Company Doe. It requires concrete proof of a high likelihood of substantial and irreparable economic harm.").[7]

**Conclusion.** For the reasons stated above, the court denies the motions to seal.

## II.     Procedures for Filing

The parties are directed to file the exhibits and unredacted memoranda addressed by the motions to seal in the public record based on the deadlines set out below. Account numbers and personal identifiers of individuals mentioned in the documents shall be redacted. Companion shall file its documents on or before **March 7, 2017**. Defendants shall file their documents after Companion's filing is complete and before **March 28, 2017**. **These filings shall be made as additional attachments to the original filing to which they relate.**

### CONCLUSION

Accordingly, the motions to seal, ECF Nos. 200, 218, 240, 244, 248 and 250, are denied and the parties are directed to file the subject documents as explained in Section II above.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 23, 2017

---

[7] At least two documents subject to the motions to seal are already in the public record. These include an actuarial report, which is filed the public record as an attachment to the McGinnis Expert Report, ECF No. 199-7, and the 2013 Program Agreement. Defendants move to file the latter under seal as Exhibit 15 to the Rigas Declaration (incorrectly spelled "Regis" in January 10, 2017 Order) but filed the same document in the public record as Exhibit 11 to the same Declaration. Sealing is denied as to these documents for the additional reason that it would serve no purpose given the public filing of the same documents.

10