IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES DAVID WOOD, JR.; AMS STAFF LEASING, INC., d/b/a/ AMS Staff Leasing Corporation; BRECKENRIDGE ENTERPRISES, INC., d/b/a/ AMS Staff Leasing II; AMS Staff Leasing II, Inc.; HIGHPOINT RISK SERVICES, LLC; and ASPEN ADMINISTRATORS, INC., <br><br> Defendants. | C/A No.  3:14-cv-03719-CMC <br><br><br><br> OPINION AND ORDER <br> ON MOTION IN LIMINE <br> (Claims Handling and Reserves) <br><br> ECF No. 287 |

This matter is before the court on motion of Companion Property and Casualty Insurance

Company ("Companion") to exclude testimony from defense witnesses William Spiegel

("Spiegel") and Andrew Price ("Price").  ECF No. 287.  The testimony at issue relates to

Companion's handling of claims and setting of claims reserves.  For reasons set forth below, the

motion is moot as to some issues and denied in part and granted in part as to others.

**STANDARD**

Rule 702 of the Federal Rules of Evidence provides as follows:

A witness who is qualified by knowledge, skill, experience, training, or education
may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the
trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The court serves a gatekeeping role to determine whether opinion testimony satisfies these requirements. *See*, *e.g.*, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

## DISCUSSION

### I.     Testimony of William Spiegel

**Companion's Arguments.** Companion challenges two aspects of Spiegel's anticipated testimony. First, it seeks to exclude Spiegel's testimony that Companion made errors in adjusting Florida claims. Companion argues Spiegel is not qualified to offer an opinion on this topic because he is not licensed in Florida and lacks Florida-specific experience. ECF No. 287 at 3-4. Companion also argues the opinion offered is not based on valid methodology because Spiegel reviewed only "16 claims files out of over 1,450" claims processed by Companion. *Id.* at 4, 5. Companion argues the process by which the files were selected was not a valid sampling method, a point Spiegel conceded. *Id.* at 5, 6 (quoting Spiegel's testimony that he was "not trained in statistical validity").

Companion also seeks to exclude Spiegel's opinion Companion overstated needed reserves. *Id.* at 8-10. Companion argues Spiegel is not qualified to offer such an opinion both because he is not qualified as an adjuster in Florida and his methodology is flawed because he did not review all claims adjusted or use a statistically valid sampling technique. *Id.*

**Defendants' Arguments.** Defendants respond that Spiegel need not be licensed in Florida to offer an expert opinion and has, in fact, previously reviewed and offered opinions as to adjustment of Florida workers' compensation claims. ECF No. 330 at 3, 4; *see also id.* at 5 (noting testimony of Companion's rebuttal expert, James Greer, that differences in claims-handling

practices in different states are inconsequential). They also explain that Spiegel will not offer expert opinions either on the ethical obligations of adjusters in Florida or based on any statistical analysis of claims.[1]

**Ruling.** In light of the narrowing of the issues for trial (*see* n.1 *supra*) and Defendants' voluntary limitation of the scope of Spiegel's testimony, the court finds Spiegel's lack of experience in statistical sampling and failure to conduct such a sampling do not support exclusion of his testimony that Companion made errors in adjusting the fourteen claims of twelve claimants that are specifically addressed in Spiegel's report. This conclusion rests, in large part, on Defendants' assurance Spiegel will not extrapolate from his analysis of these particular claims to support a broader opinion as to Companion's handling of claims. Spiegel's proffered opinion will, instead, be offered to show the direct impact of any errors in handling these particular claims on claims paid and, by extension, available collateral.

The court is not persuaded Spiegel lacks the necessary training and experience to offer opinions as to whether *specific* claims were properly adjusted. Most critically, Companion has not demonstrated that the laws, regulations and practices in Florida differ sufficiently from those in other states such that licensing or substantial experience in adjusting Florida claims is necessary for Spiegel's opinion to be admissible. This is particularly true in light of Greer's concession that state-to-state differences are inconsequential. Spiegel is not, in any event, entirely lacking in Florida-specific experience as explained in his Declaration. Thus, while Spiegel's Florida-specific experience, other qualifications, and methods may be appropriate topics for cross examination,

---

[1] The issues for trial were narrowed after this motion was fully briefed. Most critically, the parties agreed determination of the amount of reserves needed for future claims would be resolved by a separate actuarial review.

Companion has not established grounds for exclusion of Spiegel's testimony to the extent he opines as to whether past claims have been properly adjusted.

Spiegel will, however, be limited to testifying as to the fourteen claims for twelve claimants addressed in his expert report. *See* ECF No. 287-1 at 5-12 (Report pp. 3-10, Nos. 1-10, 12, 16 (Claimants Brent Emanuelson, Lloyd Gordon, John Gentry, Keith Destromp, Daniel Bigtree, Lewis Fritsche, Jose Pardo-Zamarron, Mack Young, Harvey Kusherman, Andrew Clark, Brett Stout, and Wayne Riley). Spiegel's testimony as to these claims will be limited to the particular concerns noted with each of these claims in his report.

The court reaches a different conclusion as to Spiegel's proffered opinion as to the *reserves* needed on specific claims. Reserves are a prediction of future needs rather than a determination of whether completed aspects of a claim were properly handled. Because of this predictive quality, reserves for some claims will likely overestimate actual needs while reserves for other claims may underestimate needs. Presumably, on average, properly set reserves on individual claims will equal if not exceed actual needs for all claims.[2]

Given the nature of reserves, an opinion that reserves were set too high on specific claims is of little or no assistance to the trier of fact unless it is offered as part of an opinion that considers the overall reserves set on a representative body of claims. That body of claims would need to be selected based on a valid sampling. It is undisputed that Spiegel did not conduct such a sampling. The court, therefore, grants the motion to exclude Spiegel's opinion as to needed reserves.

---

[2] In the context of this case, the reserves set for individual claims are factored into setting collateral requirements. Ultimately, unneeded collateral will be returned to Defendants. Thus, any error in overstating needed reserves (and collateral) results only in a temporary deprivation of funds.

**II.     Testimony of Andrew Price**

Companion seeks to exclude opinion testimony it believes Defendants may offer through Price, specifically, testimony adopting Spiegel's opinion as his own.  ECF No. 287 at 11, 12. Defendants disavow any intent to offer opinion testimony through Price, noting he will, instead, offer fact testimony based on his first-hand observations.  ECF No. 330 at 7, 8.  In light of Defendants' response, Companion's motion is moot as it relates to Price.  Defendants are, however, bound by their voluntary limitation of the scope of Price's testimony.

## CONCLUSION

For reasons set forth above, Companion's motion to exclude testimony is mooted as to Price based on Defendants' assurance he will not offer opinion testimony.  The motion is denied to the extent it seeks to preclude Spiegel from offering opinion testimony that claims he specifically identified in his report (listed above) were improperly adjusted in the particular ways addressed in his report resulting in excess claims payments or other losses to Defendants (*e.g.*, as a result of failure to pursue subrogation).  Defendants are, however, bound by their voluntary limitation that Spiegel will not offer any broader opinion as to Companion's handling of claims. The motion is granted as to any opinion on propriety of reserves set for the same or other claims.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 19, 2017