IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES DAVID WOOD, JR.; AMS STAFF LEASING, INC., d/b/a/ AMS Staff Leasing Corporation; BRECKENRIDGE ENTERPRISES, INC., d/b/a/ AMS Staff Leasing II; AMS Staff Leasing II, Inc.; HIGHPOINT RISK SERVICES, LLC; and ASPEN ADMINISTRATORS, INC., <br><br> Defendants. | C/A No. 3:14-cv-03719-CMC <br><br><br> OPINION AND ORDER ON DEFENDANTS' MOTION IN LIMINE (ECF No. 293) |

This matter is before the court on Defendants' motion in limine. ECF No. 293. This motion challenges five categories of evidence Defendants anticipate Companion Property and Casualty Insurance Company ("Companion") may offer at trial. Certain aspects of the motion are now moot. The remainder are granted in part and denied in part.

**ISSUES REMAINING FOR TRIAL**

At the time this motion in limine was filed and briefed, the issues for jury trial were fairly broad. The parties have, however, subsequently agreed to resolution of the various disputes in a manner that leaves only three issues for resolution by the jury: (1) whether Companion is owed any unpaid premiums on the 2013 Florida Master Policy; (2) whether Companion improperly paid non-AMS claims from AMS[1] funds and, if so, in what amount (subject to a possible defense of

---

[1] For purposes of this order, the court uses "AMS" as a collective reference to AMS Staff Leasing Inc., Breckenridge Enterprises, Inc., and AMS Staff Leasing II, Inc.

consent and/or estoppel); and (3) whether Companion improperly adjusted or paid claims resulting in overcharges to Defendants. Other issues will be resolved either by the court in a non-jury proceeding (or based on written submissions) or by post-trial accounting and actuarial review. The court resolves Defendants' motion in limine in light of the narrowed issues for jury trial.

**DISCUSSION**

**I. Evidence relating to actuarial predictions**

Through subparts B. and D. of their motion, Defendants seek to exclude certain accounting and actuarial evidence relating to whether collateral was under or overfunded at specific points in time. *See* ECF No. 293 (subparts B and D). Subpart B seeks to exclude portions of the anticipated testimony of disclosed experts Charles McGimsey and James Greer and actuarial testimony that may be offered by other witnesses who were not disclosed as experts during discovery. Subpart D seeks to exclude actuarial and collateral reports updated through December 31, 2016, along with supporting materials.

As noted above, the issues for jury trial have been narrowed to three discrete issues. While the jury's decision on some of these issues may impact the amount in the collateral account and, consequently, impact the ultimate determination of whether the account is under or over funded, the jury will not determine what collateral is or was needed at any given point in time. Neither will it address any other issue requiring consideration of actuarial testimony or evidence. These two subparts of Defendants' motion are, therefore, moot.

**II.      Categories of evidence challenged as irrelevant or more prejudicial than probative**

Three subparts of Defendants' motion seek to exclude categories of evidence as either entirely irrelevant or more prejudicial than probative. ECF No. 293 (Subparts A, C, and E). Subpart A seeks to exclude evidence relating to multiple dismissed causes of action. These include

Plaintiff's sixth through fourteenth and aspects of the fifteenth cause of action.[2] Subpart C seeks to exclude evidence relating to a separate lawsuit Companion filed in this court on February 27, 2017 ("2017 Action"). Claims asserted in the 2017 Action arose out of the same contractual relationship as the present action, but relate to more recent events including, inter alia, Defendants' alleged failure to provide letters of credit and financial statements in response to demands made in late 2016. Subpart E seeks to exclude several categories of evidence Defendants argue are more prejudicial than probative. These categories include evidence relating to the following: (1) Wood's financial condition; (2) salary and distributions paid to Wood by or on behalf of any other Defendant; (3) collection and reporting of premiums on the PayGo policy program; (4) collection or remittal of child support payments from employees of AMS's clients; and (5) the resignation or termination of employees of Dallas National Insurance Company.

The evidence sought to be excluded is described somewhat generically in each of these sections. Companion opposes subparts A, C, and E of Defendants' motion in limine, in part, based on Defendants' failure to identify specific testimony or items of evidence sought to be excluded. Companion also argues some evidence falling within the categories of evidence Defendants seek to exclude is or may be relevant to claims that remain. For example, as to Subpart A, Companion

---

[2] The dismissed claims rely, in part, on allegations Defendants commingled assets and records, inaccurately or fraudulently reported premiums and business relating to the "PayGo" line of business, improperly collected and retained deposits for that line of business, and committed fraud and breached fiduciary duties. Most of these allegations are the subject of a separate action pending in a different district and were stayed and then ultimately dismissed here based on that action's earlier-filed status. The fiduciary duty claim included but was not limited to allegations Defendants Charles David Wood, Jr. ("Wood") and Highpoint Risk Services, LLC ("Highpoint") were responsible for liabilities on certain policies or for certain employers covered under master policies because Highpoint failed to clarify whether Companion, or Dallas National Insurance Company ("Dallas National") was the insurer on those policies or for those employers. The summary judgment order resolved this aspect of the fiduciary duty claim in Defendants' favor.

argues some of the evidence sought to be excluded is relevant to Companion's assertion it was forced to incur fees and expenses to secure its rights under the governing contracts. ECF No. 329 at 1, 2. Companion argues Defendants' business practices (also sought to be excluded under Subpart A), including practices involving the flow of money between Defendants and other companies owned by Wood, are relevant to the remaining claims. *Id.* As to Subpart C, Companion disavows any intent to resolve its new claims in the upcoming trial but argues Defendants' motion is so broad that it might preclude Companion from introducing evidence of relevant background information including evidence of the multiple layers of protection built into the parties' contract to protect Companion against any liability for claims or related expenses. ECF No. 329 at 9-10. As to Subpart E, Companion argues Wood's financial condition is or may be relevant to Wood's liability under the guaranty.[3]

Having reviewed the parties' arguments in light of the narrowed claims, the court finds little likelihood any of the challenged categories of evidence would be relevant to the three issues for resolution by the jury.[4] That said, given the general nature of Defendants' identification of evidence for which exclusion is sought and the possibility witness testimony or arguments may open the door to broader evidence, the court cannot, at this point, foreclose the possibility some

---

[3] As noted above, the issues for jury trial were narrowed after Companion made these arguments. Thus, Companion could not have addressed the evidence in the context of the narrowed claims.

[4] For example, while Companion may, ultimately, need to establish that it was forced to incur fees and expenses to secure its rights under the contracts, it has not shown that this is a jury issue. To the contrary, even prior to briefing on the motions in limine, the parties agreed claims for attorneys' fees and expenses would be resolved by the court post-trial. Similarly, with the exception of how above-deductible payments were handled, flow of money between Defendants' and other entities owned by Wood did not appear relevant to any jury issue even prior to narrowing of the issues for trial. Narrowing of the issues has removed issues relating to above-deductible payments from the jury.

4

evidence addressed in Subparts A, C, and E of Defendants' motion in limine may be properly admitted. The court, therefore, grants in part and denies in part Defendants' motion as explained below.

Companion may not, without prior notice and ruling, offer evidence relating to the subject matters listed in Defendants' motion in limine subparts A, C, and E. If Companion believes an exception should be allowed, it may seek relief from this order by (1) identifying the evidence or testimony it seeks to offer or elicit, (2) identifying the issue to which the evidence is relevant, and (3) demonstrating the probative value is not outweighed by unfair prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' motion is moot as to subparts B and D, and granted in part and denied in part as to subparts A, C, and E.

**IT IS SO ORDERED.**

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            Senior United States District Judge

Columbia, South Carolina
April 20, 2017